**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,** | § § § § | |
| **PLAINTIFF,** | § § | |
| **VS.** | § § | |
| **SOUTHWESTERN BELL TELEPHONE COMPANY, SBC ADVANCED SOLUTIONS, INC., AT&T DATACOMM, INC., AT&T OPERATIONS, INC., AT&T SERVICES, INC., and SBC TELECOM, INC.,** | § § § § § § § | **Civil Action: 1:18-cv-271** |
| **DEFENDANTS.** | § § | |

**COMPLAINT**

Comes now the Communications Workers of America, AFL-CIO, hereinafter Plaintiff, by and through counsel, and complains of Southwestern Bell Telephone Company, SBC Advanced Solutions, Inc., AT&T DataComm, Inc., AT&T Operations, Inc., AT&T Services, Inc. and SBC Telecom, Inc., hereinafter Defendants, as follows:

## I.      Introduction

1.      This is an action brought by a labor union under Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185, against signatories to a 2013 labor agreement to enforce an arbitration award issued on January 19, 2018 and vacate a subsequent decision issued on February 23, 2018 that rescinded the January 19th decision in violation of the provision of the parties' labor agreement that renders arbitration final and binding and in violation of the rules of arbitration expressly incorporated into the labor agreement.

1

## II.    Parties

2.      Plaintiff Communications Workers of America, AFL-CIO ("CWA" or "Union") is a labor organization within the meaning of 29 U.S.C. § 152(5) of the National Labor Relations Act.  Plaintiff is currently the representative for the purpose of collective bargaining of employees of Defendants Southwestern Bell Telephone Company, AT&T Services, Inc. and DIRECTV, LLC and is and has been a party to a collective bargaining agreement ("CBA") with those employers, who are collectively known as the "Company" in the current labor agreement entered into in 2017.

3.      Defendant Southwestern Bell Telephone Company is an employer within the meaning of 29 U.S.C. § 152(2) and employs persons in an industry affecting commerce within the meaning of 29 U.S.C. § 185 as well as a signatory to the 2013 CBA with Plaintiff wherein it is identified as one of the entities that are collectively referred to as the "Company" in that labor agreement. Defendant Southwestern Bell Telephone Company does business in this judicial district and can be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.      Defendant SBC Advanced Solutions, Inc. is an employer within the meaning of 29 U.S.C. § 152(2) and employs persons in an industry affecting commerce within the meaning of 29 U.S.C. § 185 as well as a signatory to the 2013 CBA with Plaintiff wherein it is identified as one of the entities that are collectively referred to as "the Company" in that labor agreement. Defendant SBC Advanced Solutions, Inc. does business in this judicial district and can be served with process through its registered agent for service of process, C T Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

2

5.      Defendant AT&T DataComm, Inc. is an employer within the meaning of 29 U.S.C. § 152(2) and employs persons in an industry affecting commerce within the meaning of 29 U.S.C. § 185 as well as a signatory to the 2013 CBA with Plaintiff wherein it is identified as one of the entities that are collectively referred to as "the Company" in that labor agreement. Defendant AT&T DataComm, Inc. does business in this judicial district and can be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6.      Defendant AT&T Operations, Inc. is an employer within the meaning of 29 U.S.C. § 152(2) and employs persons in an industry affecting commerce within the meaning of 29 U.S.C. § 185 as well as a signatory to the 2013 CBA with Plaintiff wherein it is identified as one of the entities that are collectively referred to as "the Company" in that labor agreement. Defendant AT&T Operations, Inc. does business in this judicial district and can be served with process through its registered agent for service of process, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

7.      Defendant AT&T Services, Inc. is an employer within the meaning of 29 U.S.C. § 152(2) and employs persons in an industry affecting commerce within the meaning of 29 U.S.C. § 185 as well as a signatory to the 2013 CBA with Plaintiff wherein it is identified as one of the entities that are collectively referred to as "the Company" in that labor agreement. Defendant AT&T Services, Inc. does business in this judicial district and can be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8.      Defendant SBC Telecom, Inc. is an employer within the meaning of 29 U.S.C. § 152(2) and employs persons in an industry affecting commerce within the meaning of 29 U.S.C.

§ 185 as well as a signatory to the 2013 CBA with Plaintiff wherein it is identified as one of the entities that are collectively referred to as "the Company" in that labor agreement. Defendant SBC Telecomm, Inc. does business in this judicial district and can be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.   Jurisdiction

9.      The district court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185(a) and 185(c).

### IV.   Venue

10.      Venue is proper in this judicial district in that Defendants do business in and reside in this district within the meaning of 28 U.S.C. §1391(b)(1) and in that a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this district within the meaning of 28 U.S.C. §1391(b)(2).

### V.   Material Facts

11.      Plaintiff and Defendants are parties to a collective bargaining relationship that dates back decades and the most recent collective bargaining agreement ("CBA") between the parties was entered into on April 9, 2017 and expires on April 10, 2021.  The iteration of the labor agreement at issue in this action was effective from April 7, 2013 to April 8, 2017 ("2013 CBA" or "2013 labor agreement").

12.      The Defendants are referred to in the CBA collectively as "the Company."

13.      The 2013 CBA contains in its Departmental Agreement Article XIX, Grievances, and Appendix J, which sets forth the terms and conditions of employment of bargaining unit employees who hold the Premises Technician job title.

4

14.     The 2013 CBA also contains in its Agreement of General Application Article IV, Arbitration.  In relevant part, issues between the parties concerning "the true intent and meaning of any specific provision or provisions" of the Departmental Agreement or "the application of any provision or provisions" of the Departmental Agreement "to any employee or group of employees" can be arbitrated once steps of the formal grievance process under Article XIX of the Departmental Agreement have been completed.

15.     Article IV, Arbitration, of the Agreement of General Application requires that the rules of the American Arbitration Association ("AAA") for labor arbitrations be used to conduct arbitrations pursuant to that provision of the CBA.

16.     Rule 40 of the AAA labor arbitration rules states that within 20 days after the issuance of an award, a party may move for the correction of "any clerical, typographical, technical, or computational errors in the award."  However, in doing so, an "arbitrator is not empowered to redetermine the merits of any claim already decided."

17.     Arbitration is final and binding under Article IV of the Agreement of General Application.

18.     The parties first bargained over the creation of the Premises Technician job title in 2006.  These negotiations became incorporated into the CBA as Appendix J beginning with the following CBA in 2009 and have continued since.

19.     Defendants issued job briefs describing the duties for the Premises Technician job title following each round of negotiations since the creation of the title in 2006.

20.     The parties to the CBA memorialize changes to Appendix J of the Departmental Agreement in a master labor agreement entitled the Settlement Agreement, which contains all the

negotiated agreements between the parties, including the Departmental Agreement, the Agreement of General Application, and other agreements.

21.     The parties agreed to changes to the contractual work jurisdiction of Premises Technicians in 2009 as follows that were memorialized in the 2009 Settlement Agreement that permitted Premises Technicians to perform "all work from and including the Serving Terminal up to and including the customer premises for IP enabled products and services." This provision of the 2009 Settlement Agreement amended the Departmental Agreement. In addition to adding duties to Premises Technicians, this provision protected the work jurisdiction of higher-paid Group I Craft employees from encroachment by lower-paid Premises Technicians except for the work duties expressly allowed for Premises Technicians.

22.     The parties agreed to changes to the contractual work jurisdiction of Premises Technicians in 2013 as follows that were memorialized in the 2013 Settlement Agreement that permitted Premises Technicians to perform, in addition to their current job duties, "cut/transfer cable pairs," with cable repair work remaining with the work of job titles classified as Group 1 Craft, and "place bridge tap terminators." These provisions of the 2013 Settlement Agreement amended the Departmental Agreement.  In addition to adding duties to Premises Technicians, these provisions continued to protect the work jurisdiction of higher-paid Group I Craft employees from encroachment by lower-paid Premises Technicians except for the work duties expressly allowed for Premises Technicians.

23.     On or about April 6, 2015, the Company began assigning splicing work to Premises Technicians in Austin, Texas, thus endangering the job security of higher-paid Group I Craft employees by having lower-paid Premises Technicians encroach upon Group I Craft work jurisdiction, in violation of the labor agreement.

6

24.     On or about May 6, 2015, Plaintiff filed a grievance over this assignment of work.

25.     The case progressed through the CBA's grievance process and was submitted for arbitration.

26.     An arbitrations hearing was held over the grievance in Austin on October 18, 2017.

27.     The parties submitted closing briefs in the case on January 3, 2018.

28.     The arbitrator issued a decision sustaining the grievance on January 19, 2018 and finding a violation of the labor agreement.

29.     Defendants submitted a request to the arbitrator to reconsider the decision on January 22, 2018 based on the arbitrator's alleged mischaracterization in the January 19th decision of Union Exhibit 4 from the hearing.

30.     Defendants informed Plaintiff that it did not intend to comply with the January 19th arbitration award.

31.     Plaintiff responded on February 6, 2018 in opposition to Defendants' request to reconsider.

32.     The arbitrator issued on February 23, 2018 a ruling granting the Defendants' request to reconsider, finding no violation of the labor agreement, and rescinding the January 19th award.  The arbitrator thereby reconsidered his interpretation of Union Exhibit 4 and the weight to be given to Union Exhibit 4, thus reconsidering the merits of a matter he had previously decided.

33.     The arbitrator took the position in issuing the February 23rd award that he was making a technical correction, despite the fact that the February 23rd award reconsidered a matter previously decided in contravention of AAA Rule 40 and the finality provision of the labor agreement's arbitration clause.

## VI.    Claims for Relief

### Count 1—Vacatur of the February 23, 2018 Arbitration Decision

34.    Plaintiff herein incorporates by reference Paragraphs 1-33 of the Complaint.

35.    Pursuant to 29 U.S.C. § 185, Plaintiff sues to vacate the arbitration award of February 23, 2018 because the arbitrator exceeded his jurisdiction and authority in issuing the February 23rd award because it contravenes the labor agreement's provision that arbitration be final and binding on the parties.  It further contravenes the prohibition on reconsideration of decisions on the merits enshrined in AAA Rule 40 and expressly incorporated into the labor agreement, because the arbitrator's February 23rd decision  is not a mere technical correction of the prior award as asserted by the arbitrator.  Therefore, the February 23rd award should be vacated.

### Count 2—Enforcement of the January 19, 2018 Arbitration Decision

36.    Plaintiff herein incorporates by reference Paragraphs 1-33 of the Complaint.

37.    Pursuant to 29 U.S.C. § 185, Plaintiff sues to enforce the original arbitration award of January 19, 2018, with which the Defendants refuse to comply, but which is entitled to enforcement because that award was final and binding under the requirements of the 2013 CBA and the arbitrator was acting wholly within his arbitrator's jurisdiction when he issued the award. Therefore, the January 19th award should be enforced.

## VII.    Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff CWA prays that Defendants Southwestern Bell Telephone Company, SBC Advanced Solutions, Inc., AT&T DataComm, Inc., AT&T Operations, Inc., AT&T Services, Inc. and SBC Telecom, Inc. duly appear and answer this complaint, and that upon trial of this cause the Court award judgment to Plaintiff granting relief as specified above by vacating the arbitration award of February 23, 2018 and

reinstating and enforcing the arbitration award of January 19, 2018, together with costs as provided

by law and any other relief that Plaintiff is entitled to in law or at equity.

Respectfully Submitted,

DAVID VAN OS & ASSOCIATES, P.C.

By:     /s/ Matt Holder
        Matt Holder
        Texas State Bar No. 24026937
        matt@vanoslaw.com
        David Van Os
        Texas Bar No. 20450700
        dvo@vanoslaw.com
        8626 Tesoro Dr., Ste. 510
        San Antonio, Texas 78217
        Telephone:     210/824-2653
        Facsimile:     210/824-3333

*Counsel for Plaintiff*