| | |
|---|---|
| IN THE MATTER OF ARBITRATION: | OPINION |
| AT&T/SOUTHWESTERN BELL | AND |
| AND | AWARD |
| COMMUNICATION WORKERS OF AMERICA | FEBRUARY 23, 2018 |
| LOCAL 6132 | A.A.A. CASE NO. 01-15-0005-8294 |

**Arbitrator**: Samuel J. Nicholas, Jr.
**Representatives**: Company – Chris Bourgeacq, Esq.
    Union – Matt Holder, Esq.

### ARBITRATOR'S ANSWER TO COMPANY'S REQUEST FOR RECONSIDERATION OF AWARD, JANUARY 19, 2018 AND UNION'S OPPOSITION THERETO

Having reviewed the parties' taken respective positions on the matter of Reconsideration, your Arbitrator hereby issues the following Answer:

Procedural Argument

Union acknowledges that Rule 40 of the A.A.A. voluntary labor arbitration rules permits the correction of "clerical, typographical, technical, or computational errors in an award." As such, Union argues that the arbitrator is not empowered to re-determine the merits of any claim already decided. Upon reviewing the Award, I find that technical error was committed by the Arbitrator's misjudgment on the application of Union Exhibit 4, and the argument made thereon. Accordingly, the Arbitrator is obliged to correct the noted mistake. Therefore, no violation or infraction is made to Rule 40. In light thereof, the Arbitrator will address the substantive merits of Company's request for reconsideration.

Substantive Merits

With an incorrect reliance on Union Exhibit 4, your Arbitrator must find that no such past practice existed with these subject parties and their particular Collective Bargaining Agreement. At the same time, the Record reflects that in the parties' 2009 and 2013 Settlement Agreements, Appendix J was renewed and amended to allow Company to assign Premises Technicians "all work from and including the serving terminal…all work at or in the customer premises for all services regardless of the technology or equipment…." In that connection such is thrust of my finding, "absent a clear practice that the parties have chosen to abide by, and despite the nature of the proposed changes, and the additional requirements associated with the proposed changes, I would be inclined to find that no violation of the Agreement occurred."[1] Therefore, as previously stated herein, due to the fact that there is no binding practice, and in light of your Arbitrator's misapplication of Union Exhibit 4, it must be held that Company did not violate the Agreement. To those ends, the following Award is rendered:

## AWARD

The previously rendered Award, January 19, 2018, is hereby rescinded in favor of a ruling that no contractual violation occurred; thus, the grievance is denied.

Samuel J. Nicholas, Jr., Arbitrator
February 23, 2018

---

[1] Opinion and Award, p. 10

CWA v. SWBT et al Joint Record 1090